UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOVE,<br><br>          Plaintiff,<br><br>     v.<br><br>TRI-COUNTIES BANK,<br><br>          Defendant. | Case No. 2:24-cv-1823-TLN-CSK<br><br>ORDER GRANTING PLAINTIFF TWO WEEKS TO FILE OPPOSITION<br><br>(ECF No. 9) |

Presently pending before the Court is Plaintiff Mary Love's motion for a 60-day extension to file an opposition to a motion to dismiss. (ECF No. 9.) The motion to dismiss was filed on July 18, 2024 by Defendant Tri-Counties Bank, and was set for a hearing on September 3, 2024. Under Local Rule 230(c), Plaintiff's opposition was due within 14 days of Defendant's filing, or August 1, 2024. On August 6, the Court noted Plaintiff had failed to file her opposition. (ECF No. 8.) Therefore, the Court vacated the September 3 hearing and took the matter under submission on the written briefing and record. (ECF No. 8.) Later that day, the Clerk of Court filed Plaintiff's motion for extension of time on the docket. (ECF No. 9.) The motion was dated and signed by Plaintiff on August 5, 2024. (*Id.* at 7.) Plaintiff requests a 60 day extension based on the complexity of the issues, events that took place in another case that is still ongoing, and her pro se status and personal issues. (*See id.*)

Plaintiff's request for an extension of time does not comport with the Federal Rules or this Court's Local Rules. Federal Rule of Civil Procedure 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. Further, Eastern District of California Local Rule 144(d) requires parties to request extensions of time "as soon as the need becomes apparent," and counsels that untimely filed requests are disfavored.

Here, Plaintiff's request for an extension of time is disfavored because it was untimely. *See* E.D. Cal. L.R. 144(d). Further, Plaintiff's request does not provide reasons that meet the excusable neglect standard, as she would have known each of these issues before August 5, 2024. *See* Fed. R. Civ. P. 6(b). Thus, Plaintiff's request for a 60-day extension of time is denied. However, given Plaintiff's pro se status and in the interests of justice, she will be permitted one final opportunity to file written opposition to Defendant's motion and will be provided with an additional 14 days from the date of this order to file her opposition or statement of non-opposition.

## **ORDER**

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion for a 60-day extension of time to file opposition (ECF No. 9) is GRANTED IN PART;
2. Plaintiff's opposition is due by **August 22, 2024** (within 14 days of this order);
3. Defendant's optional reply is due 10 days after Plaintiff's opposition is filed;
4. The Court will decide Defendant's motion on the record and written briefing, pursuant to Local Rule 230(g); and
5. No further extensions of time will be granted to Plaintiff.

///
///

Dated:  August 8, 2024

/s/ Chi Soo Kim
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, love.1823