UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOVE, | Case No. 2:24-CV-1823-TLN-CSK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| TRI COUNTIES BANK, | |
| Defendant. | (ECF No. 5) |

Plaintiff Mary Love is proceeding in this action pro se. (ECF No. 1.)[1] Pending before the Court is Defendant Tri Counties Bank's[2] motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons that follow, the Court recommends GRANTING Defendant's motion to dismiss without leave to amend.

/ / /

/ / /

/ / /

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

[2] Defendant Tri Counties Bank's name in incorrectly spelled in the Complaint as "Tri-Counties Bank." See ECF No. 5. The Clerk of the Court is directed to update the docket to reflect the correct spelling of Defendant Tri Counties Bank's name.

1

I.  **BACKGROUND**

   A.  **Factual Background**[3]

Plaintiff initiated this action to challenge a mortgage foreclosure of her real property located at 13312 Thistle Loop Road, Penn Valley, CA, 95046 ("Subject Property"). Compl. at 2-3, (ECF No. 1). Plaintiff alleges that in August 2017, she began facing "significant health and financial difficulties due to circumstances beyond her control," which prevented her from being able to make payments on the Subject Property's senior and junior mortgage. *Id*. ¶ 5. On July 26, 2018, the senior mortgage holder, Carrington Mortgage Services, began foreclosure proceedings on the Subject Property by issuing Plaintiff a notice of foreclosure. *Id.* ¶ 6, Exh. E. At various times during foreclosure proceedings, Plaintiff requested loan modification assistance from Carrington Mortgage Services and Defendant in an effort to "stabilize her financial situation" and avoid foreclosure. *Id*. ¶¶ 6, 8-11, 13. To "save her home and mange her overwhelming debts," on January 19, 2019, Plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of California, which was subsequently dismissed on February 19, 2019 for failure to timely file documents. *Id*. ¶ 7, Exh. G.

On September 28, 2019, Plaintiff alleges she "received an IRS Form 1099-C from Defendant, indicating a cancellation of debt for the Second Mortgage" but that at that time it was "not properly communicated to Plaintiff" the contents of the letter. *Id*. ¶ 9, Exh. J. Plaintiff alleges she "discovered the 1099-C form issued by [Defendant] among her archived files" on September 10, 2020. *Id*. ¶ 17. Despite receiving from Carrington Mortgage Services a Final Loan Modification Agreement on October 28, 2019, Plaintiff alleges Defendant's failure to respond to Plaintiff's repeated loan modification requests

---

[3] These facts primarily derive from the Complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

"exacerbat[ed] Plaintiff's financial distress" and "highlighted a pattern of neglect and disregard for Plaintiff's efforts to find a resolution." *Id*. ¶¶ 10-11.

Plaintiff further alleges Defendant's issuance of the Form 1099-C indicating "[Defendant's] loan had been canceled or discharged" was "subsequently recorded on Plaintiff's credit report in August 2021, effectively documenting the discharge of debt." *Id*. ¶ 14. Plaintiff alleges despite the cancellation of Defendant's loan, "Defendant engaged in a practice known as a 'sleeper second loans' or 'zombie mortgages' by attempting to collect on the original loan amount plus accrued interest and arrears that were accruing unbeknownst to the Plaintiff four years later." *Id*.

After discovering the issuance of Defendant's 1099-C form, on November 19, 2020, Plaintiff "formally requested that Defendant release the Deed of Trust and lien on her property." *Id*. ¶¶ 17-18. On July 28, 2022, Defendant sent Plaintiff a Notice of Default as to the Subject Property. *Id*. ¶ 21, Exh. S. On August 23, 2022, Plaintiff requested from Defendant an extension as to the Notice of Default, but did not receive a response. *Id*. ¶ 22, Exh. T. Subsequently, on September 22, 2022, Defendant recorded a "Notice of Default and Election to Sell Under Deed of Trust" as to the Subject Property. *Id.* ¶ 23, Exh. V.

On October 6, 2022, Plaintiff filed an action in this district court alleging various claims related to the denial of her loan modifications and foreclosure proceedings on the Subject Property. Compl. ¶ 23; s*ee also Love v. Tri-Counties Bank*, 2:22-cv-01761-TLN-CKD, ECF No. 1 (E.D. Cal. Oct. 6, 2022) ("*Love I*"). Plaintiff alleges her prior attorneys' actions created difficulties in Plaintiff being able to "defend her home and navigate the legal process" in *Love I*. Compl. ¶¶ 25, 27. Plaintiff further alleges she had significant personal hardships during *Love I* which impacted her ability to manage her legal affairs. *Id*. ¶ 40. Plaintiff alleges the district court's dismissal in *Love I* "dashed Plaintiff's hopes of delaying the foreclosure sale, intensifying her distress and leaving her with limited options to protect her home." *Id*. ¶ 38. Plaintiff alleges the pending appeal in *Love I* concerns the "underlying issues of this case" and is a driven by her "need to halt the

3

foreclosure process and find a fair resolution to her financial troubles." *Id*. at 2, ¶¶ 33, 35-36.

### B. Procedural Background

On June 27, 2024, Plaintiff filed this second action alleging the following fifteen (15) claims: (1) wrongful disclosure due to denial of loan modification; (2) violation of contractual obligations and the California Homeowners' Bill of Rights; (3) violation of the Real Estate Settlement Procedures Act (RESPA); (4) violation of the California Consumer Credit Reporting Agencies Act (CCRAA); (5) violation of the California Unfair Competition Law (UCL); (6) professional negligence; (7) negligent misrepresentation and wrongful foreclosure due to non-existent entity; (8) intentional infliction of emotional distress; (9) violation of the California Rosenthal Fair Debt Collection Practices Act (RFDCPA); (10) violation of the California Elder Financial Abuse Act; (11) breach of implied duty of good faith and fair dealing; (12) wrongful foreclosure and eviction in violation of the California Fair Employment and Housing Act (FEHA); (13) wrongful foreclosure and eviction in violation of the California Unruh Civil Rights Act; (14) temporary restraining order and preliminary injunction; and (15) declaratory relief. Compl. ¶¶ 54-139. For relief, Plaintiff requests monetary damages and injunctive relief, including a temporary restraining order and preliminary injunction, to "reverse the trustee sale dated June 12, 2024, of [the Subject Property] and to prevent and halt any eviction proceedings based on that trustee sale." *Id*. at 2. On July 18, 2024, the district court denied Plaintiff's request for a temporary restraining order and a preliminary injunction for failure to satisfy the requirements of Local Rule 231. (ECF No. 2.)

On July 18, 2024, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Def. Mot. (ECF No. 5). On August 6, 2024, Plaintiff filed a motion for a 60-day extension of time to file an opposition to the motion to dismiss. (ECF No. 9.) On August 8, 2024, the Court granted in part, Plaintiff's motion and provided Plaintiff until August 22, 2024 to file her opposition. (ECF No. 10.) The Court also extended Defendant's reply to 10 days after Plaintiff's opposition was filed and submitted

the motion for decision on the record and briefs pursuant to Local Rule 230(g). *Id*. Plaintiff filed her opposition, and Defendant filed a reply and objections thereafter. (ECF Nos. 11, 12.) After briefing on the motion to dismiss was fully complete, on September 11, 2024 and September 13, 2024, Plaintiff filed two sur-replies without leave of court. (ECF Nos. 13, 14.)

## II.  LEGAL STANDARDS

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); see *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *Gamboa v. Tr. Corps*., 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of

1 recorded documents related to a foreclosure sale, including grant deed and deed of
2 trust, as they were "part of the public record and [] easily verifiable").
3      Pro se pleadings are to be liberally construed and afforded the benefit of any
4 doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any
5 claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an
6 opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th
7 Cir. 2016). However, if amendment would be futile, no leave to amend need be given.
8 *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).
9      To determine the propriety of a dismissal motion, the court may not consider facts
10 raised outside the complaint (such as in an opposition brief), but it may consider such
11 facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023,
12 1026 n.2 (9th Cir. 2003).

**III.   DISCUSSION**

14      Defendant moves to dismiss the Complaint as duplicative of Plaintiff's prior action,
15 *Love I*. Def. Mot. Because Plaintiff's Complaint is duplicative of *Love I*, the Court will
16 recommend dismissal of the Complaint without leave to amend. Additionally, the Court
17 finds sua sponte that this action is also barred by the doctrine of res judicata.
18      Prior to addressing these grounds for dismissal, the Court will first address
19 Plaintiff's sur-replies and Defendant's request for judicial notice.

    **A.   Plaintiff's Sur-Replies**

21      Plaintiff filed two sur-replies on September 11, 2024 and September 13, 2024,
22 which appear to be identical to each other. *See* ECF Nos. 13, 14. Plaintiff did not seek or
23 receive leave of court to file a sur-reply. A plaintiff does not have a right to file a sur-reply
24 under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule
25 230(m). In addition, Defendant's reply did not raise any new arguments or evidence that
26 would justify granting a request to file a sur-reply. The Court therefore declines to
27 consider Plaintiff's sur-replies.
28 / / /

### B. Request for Judicial Notice

Defendant requests the Court take judicial notice of eleven (11) exhibits. (ECF No. 5-2.) Plaintiff did not oppose the request. Defendant's request consists of court records from *Love I* (Exhs. 1-6); recorded documents including a deed of trust, grant deed, and assignment and transfer of deed of trust of the Subject Property (Exhs. 7, 8, 11); the Federal Deposit Insurance Corporation's (FDIC) webpage for the Citizens Bank of Northern California, Nevada City, CA (Exh. 9); and a purchase agreement between FDIC and Defendant of Citizens Bank of Northern California (Exh. 10). The request is granted in part. "The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). The court records and recorded documents (Exhs. 1-8, 11) are proper subjects of judicial notice. In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201 of the Federal Rules of Evidence. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Gamboa*, 2009 WL 656285, at *3.

As to the webpage and loan agreement (Exhs. 9 and 10), the Court declines to grant Defendant's request because these documents are not relevant to the resolution of the issues before the Court. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (denying judicial notice of information in press releases and publicly available news articles because it was irrelevant for purposes of the motion to dismiss).

### C. Duplicative Suits

A district court has broad discretion to control its own docket, including the power to dismiss duplicative claims. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (*overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)). In

assessing whether a suit is duplicative, the court examines whether the causes of action, the relief sought, and the parties or privies to the action, are the same. *Id*. at 689. To determine whether the causes of action are the same, courts utilize the "transaction test" which requires the application of four factors, the last of which is the most important:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id*. (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

Defendant argues both actions here involve the same parties, allege the same causes of action and seek the same relief. Def. Mot. at 6. Specifically, Defendant argues both actions stem from "the same transactional nucleus of facts and involve the same infringement of the same right (i.e. [Defendant's] ability to collect the Loan and foreclose on the [Subject] Property)." *Id*. at 7. Additionally, Defendant argues both actions seek to extinguish and cancel Plaintiff's obligations as to the Subject Property's loan documents. *Id.* In her opposition, Plaintiff argues that "[w]hile the subject property, parties, and some underlying facts may overlap with earlier proceedings," the Complaint in this action introduces new issues that were not previously addressed in the prior action, including claims for elder abuse and attorney negligence. Pl. Opp'n at 2, 29-32 (ECF No. 11).

Here, all the factors of the transaction test are satisfied. *See Costantini*, 681 F.2d at 1201-02. In both actions, the parties are identical, and Defendant is the same named defendant as in *Love I*. *Compare* Compl., *with Love I* Compl., 2:22-cv-01761-TLN-CKD, ECF No. 1. Most importantly, both actions allege claims stemming from Plaintiff's loan modification requests and foreclosure proceedings of the same real property that took place between 2018 and 2022 and therefore consequently involve substantially the same evidence. In *Love I*, Plaintiff's claims centered on Plaintiff's attempts to secure a

loan modification with Defendant due to her inability to maintain her mortgage payments, Defendant's issuance of a 1099-C form as to its loan in September 2018, the impact of Defendant's inaccurate credit reporting on Plaintiff's credit score, Defendant's attempts to demand payment on the loan despite its cancellation of the debt, and the foreclosure proceedings on the Subject Property. Specifically, in her first action, Plaintiff raised the following claims: (1) violation of the Real Estate Settlement Procedures Act; (2) violation of the California Consumer Credit Reporting Agencies Act; (3) violation of Cal. Civ. Code § 2924; (4) cancellation of recorded instruments; (5) violation of California Business and Professions Code § 17200; (6) negligence; and (7) declaratory relief. *See Love I* Compl., 2:22-cv-01761-TLN-CKD, ECF No. 1 ¶¶ 49-105. Although Plaintiff now seeks to include additional claims, such as a claim for elder abuse and attorney negligence, it is clear that both actions share a common set of facts, impacting the same rights and requested relief, thereby rendering this action duplicative of Plaintiff's prior action. Moreover, by Plaintiff's own admission, *Love I* sought the same relief being sought in this action. *See* Compl. ¶ 23 (*Love I* "was a direct response to the continuous denial of loan modification requests and the unethical treatment Plaintiff received. The complaint aimed to hold Defendant accountable for their actions and seek relief for the distress and financial harm caused to Plaintiff.") Also, because *Love I* was dismissed for failure to prosecute on May 3, 2024, and judgment entered, if this case were to proceed, Defendant would be deprived of that judgment and have to defend this action involving substantially the same transaction facts, rights, and requested relief. See *Love I*, 2:22-cv-01761-TLN-CKD, ECF Nos. 36, 37. Because this case is duplicative of *Love I*, the Court recommends granting Defendant's motion to dismiss without leave to amend. *See Lathus*, 56 F.4th at 1243.

### D. Res Judicata

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir.

9

2003) (internal quotation marks and citation omitted). The doctrine of res judicata, also known as claim preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). A court may sua sponte dismiss an action based on the doctrine of res judicata, even though the doctrine is normally raised as an affirmative defense. *Arizona v. California*, 530 U.S. 392, 412 (2000).

There is no dispute regarding the identity of the parties because Plaintiff and Defendant are the same parties in both actions. Although there is a difference in the claims alleged in the two actions, the two actions arise out of the same "transactional nucleus of facts" and make almost identical factual allegations relating to the crux of the issue which relates to the loan modification requests and foreclosure proceedings as to the real property located at 13312 Thistle Loop Road, Penn Valley, CA, 95046. *See Constantini*, 681 F.2d at 1201-02. Moreover, the judgment entered in *Love I*, clearly constitutes a final judgment on the merits. In *Love I*, the action was dismissed pursuant to Federal Rules of Civil Procedure 41(b) for failure to prosecute. See *Love I*, 2:22-cv-01761-TLN-CKD, ECF Nos. 36, 37. Plaintiff then appealed to the Ninth Circuit Court of Appeals, where the appeal is still pending. *See Love I*, 2:22-cv-01761-TLN-CKD, ECF Nos. 38, 39, 40. Because *Love I* was dismissed with prejudice, the dismissal was an adjudication on the merits for purposes of res judicata despite the pending appeal in *Love I*. *See Owens*, 244 F.3d at 714 (dismissal of prior action with prejudice based on plaintiff's failure to prosecute under Rule 41(b) was an "adjudication on the merits" for purposes of res judicata); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) ("in federal courts, a district court judgment is final for purposes of res judicata…This is so even during the pendency of an appeal.") (internal quotation marks and citation omitted). Accordingly, the Court recommends this action also be dismissed without leave to amend based on the doctrine of res judicata.

///

## IV.  CONCLUSION

Based upon the findings above, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 5) be GRANTED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 7, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, love1823.24