UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOVE, | Case No. 2:24-CV-1823-TLN-CSK |
| Plaintiff, | ORDER DENYIING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR ATTORNEY'S FEES |
| v. | |
| TRI COUNTIES BANK, | (ECF No. 31) |
| Defendant. | |

Judgment was entered in this action on March 12, 2025. (ECF No. 23.) On March 18, 2025, Plaintiff Mary Love, who was proceeding pro se in the district court, filed a notice of appeal. (ECF Nos. 27-28.) On March 26, 2025, Defendant Tri Counties Bank filed the instant motion for attorney's fees based on the prevailing party clause in the underlying loan documents.[1] (ECF No. 31.) "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Based on a review of the Ninth Circuit docket for this appeal, the appeal, which involves aspects

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

raised in the motion, is still pending.[2] Therefore, the Court denies Defendant's motion without prejudice because the district court is divested of jurisdiction where the appeal is still pending. *See id*.

Dated:  August 25, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/love1823.24.fees

---

[2] "A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER." *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) (citing Fed. R. Evid. 201(b); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004)).