UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY LOVE,

              Plaintiff,

    v.

TRI-COUNTIES BANK,

              Defendant.

Case No. 2:24-cv-01823-TLN-CSK (PS)

FINDINGS & RECOMMENDATIONS

(ECF Nos. 36, 39)

Pending before the Court is Defendant Tri-Counties Bank's motion for attorney's fees.[1] (ECF No. 36.) Plaintiff Mary Love is appearing without counsel. Pursuant to Local Rule 230(g), the hearing on Defendant's motion for attorney's fees was vacated and the matter was submitted on the record and written briefing. (ECF No. 41.) After briefing closed on Defendant's motion for attorney's fees, Plaintiff Mary Love filed a "consolidated omnibus submission," including a motion for relief from judgment and supplemental brief on attorney's fees, and Defendant filed a response. (ECF Nos. 39, 40.)

For the reasons that follow, the Court recommends GRANTING Defendant's motion for attorney's fees in the amount of $25,403.50 against Plaintiff and DENYING

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

Plaintiff's motion for relief from judgment.

I.      BACKGROUND

     A.      Factual Allegations[2]

On June 27, 2024, Plaintiff filed this action alleging the following fifteen (15) claims against Defendant: (1) wrongful disclosure due to denial of loan modification; (2) violation of contractual obligations and the California Homeowners' Bill of Rights; (3) violation of the Real Estate Settlement Procedures Act (RESPA); (4) violation of the California Consumer Credit Reporting Agencies Act (CCRAA); (5) violation of the California Unfair Competition Law (UCL); (6) professional negligence; (7) negligent misrepresentation and wrongful foreclosure due to non-existent entity; (8) intentional infliction of emotional distress; (9) violation of the California Rosenthal Fair Debt Collection Practices Act (RFDCPA); (10) violation of the California Elder Financial Abuse Act; (11) breach of implied duty of good faith and fair dealing; (12) wrongful foreclosure and eviction in violation of the California Fair Employment and Housing Act (FEHA); (13) wrongful foreclosure and eviction in violation of the California Unruh Civil Rights Act; (14) temporary restraining order and preliminary injunction; and (15) declaratory relief. Compl. ¶¶ 54-139 (ECF No. 1).

Plaintiff's allegations are described in further detail in the findings and recommendations dismissing the Complaint, and are incorporated here. (ECF No. 16.)

     B.      Procedural Posture

Plaintiff filed her first action against Defendant Tri-Counties Bank on October 6, 2022. *Love v. TriCounties Bank*, 2:22-cv-01761-TLN-CKD (PS) (E.D. Cal. 2022) (ECF No. 1) (hereinafter, "*Love I*"). Plaintiff alleged seven causes of action against Defendant: (1) violation of RESPA; (2) violation of CCRAA; (3) violation of California Civil Code §

---

[2]   These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

2924; (4) cancellation of recorded instruments; (5) violation of the UCL; (6) negligence; and (7) a request for declaratory relief. *Id*. at ¶¶ 49-105. Plaintiff failed to comply with the court's order to verify her discovery responses and provide to Defendant all documents within 14 days, and her action was recommended for dismissal pursuant to Federal Rule of Civil Procedure 41(b) on January 3, 2024. (*Love I*, ECF No. 31.) The findings and recommendations were adopted by the district judge on May 3, 2024, and the case was closed. (*Love I*, ECF No. 36.)

On June 3, 2024, Defendant filed a motion for attorney's fees. (*Love I*, ECF No. 43.) On February 10, 2025, the Court recommended Defendant's motion be granted in the amount of $44,671.00 against Plaintiff. (*Love I*, ECF No. 54.) These findings and recommendations were adopted in full by the district judge on March 3, 2025. (*Love I*, ECF No. 55.)

On June 27, 2024, Plaintiff filed the Complaint in this action (hereinafter, "*Love II*") against Defendant. (ECF No.1.) The Complaint contained a motion for a temporary restraining order, which was denied on July 18, 2024. (ECF No. 2.) Also on July 18, 2024, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Def. Mot. (ECF No. 5). After being granted an extension, Plaintiff filed an opposition on August 22, 2024. (ECF Nos. 10, 11.) Defendant replied on August 30, 2024. (ECF No. 12.) Plaintiff filed two sur-replies on September 11 and September 13, 2024. (ECF Nos. 13, 14.)

On February 2, 2024, the Court issued findings and recommendations to grant Defendant's motion to dismiss without leave to amend, finding that this case (*Love II*) was barred on res judicata grounds by a prior action (*Love I*) dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 16.) Plaintiff filed objections to the findings and recommendations on February 24, 2025. (ECF No. 19.) On March 12, 2025, the district court adopted the findings and recommendations in full, granted Defendant's motion to dismiss without leave to amend, and closed the case. (ECF No. 22.)

On March 18, 2025, Plaintiff filed a notice of appeal of the district court's order. (ECF No. 27.) Defendant filed a motion for attorney's fees on March 26, 2025. (ECF No. 31.) On August 25, 2025, the Court denied the motion for attorney's fees without prejudice because it was filed while Plaintiff's appeal was still pending. (ECF No. 33.)

On February 20, 2026, the Ninth Circuit affirmed the district court's dismissal and the mandate issued on March 16, 2026. (ECF Nos. 34, 35.) Defendant timely filed a renewed motion for attorney's fees on March 31, 2026. (ECF No. 36.) Plaintiff filed an opposition on April 14, 2026. (ECF No. 37.) Defendant filed its reply on April 15, 2026. (ECF No. 38.) On April 28, 2026, Plaintiff filed a "consolidated omnibus submission," which included a purported motion for relief from judgment, a purported motion to stay/continue the hearing, and a supplemental opposition to Defendant's motion for attorney's fees.[3] (ECF No. 39.) Defendant filed a response on May 1, 2026. (ECF No. 40.) Pursuant to Local Rule 230(g), the hearing on Defendant's motion for attorney's fees was vacated and the matter was submitted on the record and written briefing. (ECF No. 41.) Briefing is complete.

## II.    LEGAL STANDARDS

Under the American Rule, the prevailing party is ordinarily not entitled to collect reasonable attorney's fees from the losing party. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). However, a statute or enforceable contract can overcome this rule. *Id*. State law governs the enforceability of attorney's fees in contract provisions. *Faubion v. FCI Lender Servs., Inc*., 2021 WL 2681996, at *2 (E.D. Cal. June 30, 2021) (applying California law to a claim for attorney's fees based on a contract where the court has federal question jurisdiction); *Gilbert v. World Sav. Bank, FSB*, 2011 WL 995966, at *1-2 (N.D. Cal. Mar. 21, 2011) (same); *Ismail v. Wells Fargo Bank, N.A.,* 2013 WL 4516122, at *10 (E.D. Cal. Aug. 23, 2013) (applying California law to claim for attorney's fees based on a contract where the court did not have diversity

---

[3]   No hearing was noticed for Plaintiff's purported motions contained within this "omnibus" filing. *See* Pl. Omnibus (ECF No. 39); Docket.

jurisdiction); *see Berkla v. Corel Corp.*, 302 F.3d 909, 919 (9th Cir. 2002); *see also Sec. Mortgage Co. v. Powers*, 278 U.S. 149, 154 (1928) ("The construction of the Case contract for attorney's fees presents, likewise, a question of local law.").

California allows parties to allocate attorney's fees by contract. Cal. Civ. Proc. Code § 1021. Under California law, California Civil Code section 1717 applies when determining whether and how attorney's fees should be awarded on a contract. *Winding v. Wells Fargo Bank*, 2012 WL 603217, at *10 (E.D. Cal. Feb. 23, 2012) (citing *Sears v. Baccaglio*, 60 Cal.App.4th 1136, 1157 (1998)). California Civil Code section 1717 provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. . . . Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

Cal. Civ. Code § 1717(a). For Defendant to recover its attorney's fees, "(1) the contract must authorize such fees, (2) [defendant] must be the prevailing party, and (3) the fees incurred must be reasonable." *First Nat. Ins. Co. of Am. v. MBA Const.*, 2005 WL 3406336, at *2 (E.D. Cal. Dec. 12, 2005).

## III.    DISCUSSION

Defendant has filed a renewed motion for attorney's fees, arguing it is entitled to attorney's fees under California Civil Code Section 1717 because Plaintiff's action "arose on a contract" that permits the attorney's fees, Defendant being the prevailing party in the present action, and that the fees incurred are reasonable. Plaintiff opposes Defendant's request, arguing that a dismissal on res judicata grounds is procedural, rather than substantive, therefore Defendant has not prevailed on the merits, and that equitable considerations bar an award of attorney's fees.

/ / /

Plaintiff also filed a submission on April 28, 2026, titled "Plaintiff's Consolidated Omnibus Submission." (ECF No. 39.) This filing contains a motion for relief from judgment pursuant to California Code of Civil Procedure Section 473(b) and Federal Rule of Civil Procedure Section 60(b); a request to stay or continuance of the hearing; and a supplemental opposition to Defendant's renewed motion for attorney's fees. Defendant filed a response to Plaintiff's submission, arguing that Plaintiff's motion for relief from judgment is barred by the mandate rule and that Plaintiff's opposition is a sur-reply in violation of Local Rule 230(m). (ECF No. 40.)

### A.    Defendant's Motion for Attorney Fees

#### 1.    Contractual Authorization of Attorney's Fees

Defendant argues that Plaintiff's action "arose on a contract" that permits attorney's fees because "the core of [Plaintiff's] action challenged the Bank's authority to enforce the loan documents and its interest in the property, including its right to recover the outstanding loan balance." Def. Mot. at 4 (ECF No. 36-2). Whether an action arises "on a contract" is construed liberally. *Lafarge Conseils Et Etudes S.A. v. Kaiser Cement and Gypsum Corp.*, 791 F.2d 1334, 1340 n.16 (9th Cir. 1986). An action arises on a contract for the purposes of Section 1717 if "(1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement; and (2) the agreement contains an attorney's fees clause." *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal. App. 4th 230, 242 (2012).

As in *Love I*, Plaintiff's first action, this Complaint arises out of the initial loan agreement between the parties. Several of Plaintiff's causes of action involve Defendant allegedly denying loan modification requests. *See* Compl. ¶¶ 55-70, 77-78, 97-101, 106-117. Plaintiff also alleges wrongful foreclosure in violation of the Fair Housing Act and the Unruh Civil Rights Act. *Id*. at ¶¶ 114-122. These causes of action are "intertwined with the contracts at issue, [or] concern actions significantly related to the contract."

6

*Becker v. Wells Fargo Bank, NA, Inc.*, 2014 WL 7409447, at \*6 (E.D. Cal. Dec. 30, 2014). The credit agreement contains a provision that states:

> We may hire or pay someone else to help collect this Agreement if you do not pay. You will pay us that amount. This includes, subject to any limits under applicable law, our attorneys' fees and our legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. You also will pay any court costs, in addition to all other sums provided by law.

Nathan Rosenfeld Decl., ¶ 7 (ECF No. 36-3). Defendant is entitled to seek fees under Section 1717 under this provision. *See Winding v. Wells Fargo Bank*, 2012 WL 603217, at \*11 (E.D. Cal. Feb. 23, 2012) (finding Defendant eligible for attorney's fees for having a similarly worded fee clause in an action arising under the enforcement of a deed and promissory note). Therefore, this case arises "on a contract." *See Siligo v. Castellucci*, 21 Cal. App. 4th 873, 878 (1994) ("[A]n obligation to pay attorney's fees incurred in the enforcement of a contract 'includes attorney's fees incurred in defending against a challenge to the underlying validity of the obligation.'").

## 2. Prevailing Party

As in the first action, Defendant is the prevailing party. "To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree. *U.S. v. Milner*, 583 F. 3d 1174, 1196 (9th Cir. 2009). An involuntary dismissal, "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as adjudication on the merits." Fed. R. Civ. P. 41(b).

Here, Plaintiff's Complaint was dismissed without leave to amend for being barred by res judicata under Rule 41(b). (ECF No. 16.) Plaintiff contends that this dismissal "does not reflect a substantive determination of the parties' rights." Pl. Opp. at 6 (ECF No. 37). However, an involuntary dismissal under res judicata grounds is a judgment on the merits under Federal Rule of Civil Procedure 41. Therefore, Defendant is the prevailing party.

/ / /

### 3.    Reasonableness of Attorney's Fees

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Defendant seeks attorney's fees in the amount of $34,837.50 for four attorneys who worked a total of 73.4 hours. Robert S. McWhorter Decl., ¶¶ 4, 16-17 (ECF No. 36-2). Defendant's fees are based on a $480 hourly rate for 45.9 hours for attorney Robert McWhorter; a $380 hourly rate for 3.4 hours for attorney Jarrett Osborne-Revis; a $750 hourly rate for 5.4 hours for attorney Efrat M. Cogan; and a $355 hourly rate for attorney Anreet Toor. Def Mot. at 11. Defendant states that the hours for Ms. Toor include 10.7 hours spent working with Mr. McWhorter in preparing the motion for attorney's fees as well as an expected 8 hours preparing a reply and attending a hearing on the motion. Decl. of Robert S. McWhorter at ¶ 17.

The Court finds that total hours requested by Defendant must be reduced. First,

Defendant's billing statements includes work related to *Love I* that should not be awarded here, in *Love II.* The Court declines to award attorney's fees for any work related to *Love I*, and deducts the following: (1) Mr. McWhorter billed 0.3 hours on July 2, 2024 for reviewing an objection to the motion for attorney's fees filed in *Love I*; (2) Mr. McWhorter billed 0.2 hours for reviewing findings and recommendations on sanctions related to *Love I* on February 10, 2025; (3) Mr. Osborne-Revis billed for 0.2 hours analyzing the findings and recommendations for sanctions in *Love I* on February 10, 2025; and (4) Mr. McWhorter billed for 0.1 hours for communicating with client regarding the attorney's fees award in *Love I* on March 11, 2025. Def. Billing Doc. at 11, 19, 20 (ECF No. 36-2). The Court declines to award attorney's fees for any work related to *Love I*.

Second, on August 6, 2024, Plaintiff filed a motion for an extension, which the Court granted on August 8, 2024. (ECF Nos. 9, 10.) Defendant did not file an opposition, but seeks fees for its work on an opposition to Plaintiff's motion to extend time. *See* Docket. The Court declines to award attorney's fees for Defendant's work on an opposition to an administrative motion that was never filed, resulting in a deduction of 1.1 hours for Mr. McWhorter on August 7, 2024; 5.4 hours for Ms. Cogan on August 7 and August 8, 2024; and 0.2 hours for Mr. Osborne-Revis on August 7, 2024. Def. Billing Doc. at 14.

Third, Defendant has double counted 2.6 hours of work for Mr. McWhorter in drafting the motion for attorney's fees. Defendant's billing statements include 2.6 hours for Mr. McWhorter's work on this motion, which is included in the 45.9 hours for Mr. McWhorter sought as part of the $27,374 lodestar figure submitted. *See* Def. Mot. at 11 (chart with hours from billing records for attorneys McWhorter, Osborne-Revin, and Cogan, totaling $27,374) (ECF No. 36-2 at 15); Def. Billing Doc. at 20, 21. In addition to the time in the billing statements for Mr. McWhorter, Defendant also separately requests 10.7 hours for Mr. McWhorter and Ms. Toor's work on the motion. *See* Def. Mot. at 11; Robert S. McWhorter Decl., ¶ 17. The billing statements indicate the 10.7 hours are from

9

2.6 hours for Mr. McWhorter on March 26, 2025, and 8.1 hours for Ms. Toor between March 12 and March 25, 2025. Def. Billing Doc. at 20, 21. Accordingly, the Court will subtract 2.6 hours for Mr. McWhorter to prevent double counting.

Finally, because the May 11, 2026 hearing was vacated and Defendant seeks eight hours for the hearing and preparing the reply (*see* Def. Mot. at 11), the Court will award four hours of work on the reply and deduct four hours for time related to the hearing.

Accordingly, the Court concludes the following hours were reasonably spent by defense counsel for work on the *Love II* action: (1) Mr. McWhorter, 41.6 hours; (2) Mr. Osborne-Revis, 3.0 hours; and (3) Ms. Toor, 12.1 hours. All the time sought for Ms. Cogan has been deducted as her work was limited to working on an opposition to a motion for an extension that was never filed and has been deducted.

The Court finds that Defendant's counsel's hourly rates are reasonable for work performed by attorneys of comparable experience in Sacramento. Mr. McWhorter and Mr. Osborne-Revis' hourly rates are identical to those granted in the motion for attorney's fees in *Love I*. (*Love I*, ECF No. 55 at 10).

Defendant's counsel Robert McWhorter has been practicing law since 1993. Decl. of Robert S. McWhorter at ¶ 10. Defendant's counsel Jarret Osborne-Revis has been practicing law since 2013. *Id*. at ¶ 11. Defendant's counsel Arneet Toor has been practicing law since 2021. *Id*. A review of the California State Bar website shows that all attorneys are admitted to the California State Bar.

The Court finds that hourly rates of $480 for Mr. McWhorter, an attorney who has been practicing since 1993; $380 for Mr. Osborne-Revis, an attorney who has been practicing since 2013; and $355 for Ms. Toor, an attorney who has been practicing since 2021 are reasonable and reflect the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation. *See, e.g., Siafarikas v. Mercedez-Benz USA, LLC*, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 10, 2022) (approving $500 for an attorney who had practiced law for 21 years); *Emmons v. Quest Diagnostics Clinical*

*Labs., Inc.*, 2017 WL 749018, at *8 (E.D. Cal. Feb 27, 2017) (approving hourly rates between $370 and $495 for associates and $545 and $695 for senior counsel and partners); *Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr.*, LLC, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $700 per hour for partners); *Gong-Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $490 and $695 per hour for senior counsel and partners); *Mostajo v. Nationwide Mutual Ins. Co.*, 2023 WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023) (awarding between $650 and $750 for attorneys with over thirty years of experience).

In summary, the Court finds that the following attorney's fees were reasonably expended:  (1) Mr. McWhorter for 41.6 hours, totaling $19,968; (2)  Mr. Osborne-Revis for 3.0 hours, totaling $1,140; and (3) Ms. Toor for 12.1 hours, totaling $4,295.5. Accordingly, the Court concludes that attorney's fees in the amount of $25,403.50 are reasonable.

**B.      Plaintiff's "Omnibus" Filing and Motions**

1.      Plaintiff's Motions for Reconsideration and Stay of Proceedings

Plaintiff brings a motion for reconsideration and stay of proceedings pending the motion for reconsideration, challenging the contention that Defendant is the prevailing party in the lawsuit by arguing that a dismissal on res judicata grounds is procedural, rather than substantive. Pl. Submission at 2-3 (ECF No. 39). Defendant argues Plaintiff's motion is barred by the mandate rule. Def. Resp. at 4-5 (ECF No. 40). The Court agrees. "The mandate rule 'precludes the district court on remand from reconsidering matters which were either expressly or implicitly disposed of upon appeal.'" *Adasa, Inc. v. Avery Dennison Corp.*, 715 F. Supp. 3d 1326, 1335 (D. Or. 2024) (quoting *United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987)). The mandate issued by the Ninth Circuit on March 16, 2026, affirmed the district court's dismissal of Plaintiff's action on res judicata grounds. Mandate at 2 (ECF No. 35). Therefore, the Court is barred from considering Plaintiff's motion for reconsideration and recommends denying Plaintiff's motions for reconsideration and motion to stay proceedings.

2.    <u>Plaintiff's Opposition to Defendant's Motion for Attorney's Fees</u>

In the same filing, Plaintiff has submitted a second opposition to Defendant's motion for attorney's fees without leave of court after briefing closed. Pl. Submission at 4-6; *see* Docket. Plaintiff does not have the right to file a supplemental opposition (or a sur-reply) under the Local Rules or Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). In addition, Plaintiff's filing does not raise any new arguments or evidence that would justify granting a request to file a sur-reply. Therefore, the Court declines to consider Plaintiff's unauthorized second opposition (ECF No. 39) in its review of the motion for attorney's fees.

## IV.    CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1.    Defendant's motion for attorney's fees (ECF No. 36) be GRANTED and Defendant be awarded $25,403.50 in attorney's fees to be paid by Plaintiff Mary Love.

2.    Plaintiff's motion for reconsideration (ECF No. 39) be DENIED; and

3.    Plaintiff's request for stay or continuance of the hearing (ECF No. 39) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

/ / /

/ / /

/ / /

/ / /

may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 28, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, love.1823.24.atty fees

13